IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWAYNE ALMOND,

Plaintiff,

v.

WILLIAM POLLARD and MOLLIE ROLLI,[1]

Defendants.

OPINION and ORDER

10-cv-621-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Dwayne Almond, a prisoner at the Green Bay Correctional Institution, has filed an action under 42 U.S.C. § 1983 in which he alleges that he is being denied his medication for treatment of serious mental health problems. Because plaintiff alleges that he is in imminent danger of serious physical harm, I construed his complaint as including a motion for preliminary injunctive relief. I gave plaintiff until December 30, 2010 to file a brief, proposed findings of fact and evidentiary materials in support of his motion, and gave defendants until the date their answer was due to file a response. Also, I gave plaintiff until December 30, 2010 to submit a trust fund account statement covering the period between

[1] Pursuant to this court's December 9, 2010 order, defendants have identified Mollie Rolli as the John Doe defendant in this case. I have amended the caption to include Rolli.

April 19, 2010 and October 19, 2010. These deadlines have passed; plaintiff has submitted trust fund account information but has not filed materials in support of his motion. Instead, plaintiff has filed a motion to direct defendant Warden William Pollard to return plaintiff's legal work to him, a motion for a ruling on this motion, three motions for appointment of counsel and a motion to expedite trial. I will deny each of his motions but give the parties another chance to brief plaintiff's motion for preliminary injunctive relief.

A. Motion for Return of Legal Work

Plaintiff has filed a motion to direct defendant Warden William Pollard to return plaintiff's legal work to him and a motion for a ruling on his motion, stating that he has forwarded copies of a conduct report showing that his legal mail has been torn up. However, the attached conduct report shows only that staff confiscated 22 hair curlers from him because he was over the allowed limit. Further, plaintiff's filings in this case and his other case in this court, Almond v. Pollard, 09-cv-335-bbc, show that plaintiff has been able to file dozens of submissions, so without further proof of misconduct I must deny his motion. In addition, I will deny his motion for a ruling on this motion as moot.

Because plaintiff continues to allege that he is in imminent danger of serious physical harm, I will give him another chance to brief his motion for preliminary injunctive relief. Plaintiff will have until February 21, 2011 to submit a brief supporting his claim, proposed findings of fact and any evidence he has to support his request for relief. Defendants will have until March 7, 2011 to file their materials in response.

B. Motions for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel and renews his motion in two of his later filings. Plaintiff states that this case will be too complicated for him to litigate himself. Also, he states he has had difficulty litigating this case because defendants have withheld his legal materials.

In deciding whether to appoint counsel, I must first find that plaintiff has made a reasonable effort to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such an effort. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made a reasonable effort to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he asked to represent him on the issues on which he has been allowed to proceed and who turned him down. Plaintiff has not met this prerequisite. Moreover, even if the motion had been submitted properly, it is premature.

Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). It is too early to make that determination in this case. Once the parties have a chance to provide information about plaintiff's treatment by briefing plaintiff's motion for preliminary injunctive relief, it may become apparent that appointment of counsel is warranted, but for now I will deny his motions. Plaintiff is free to renew his motion at a later date.

C. Motion for Expedited Trial

Plaintiff has filed a motion for a "90 day speedy trial" trial because of his continued untreated mental health problems. I will deny this motion but note that I construed plaintiff's complaint as including a motion for preliminary injunctive relief in an effort to have the parties brief his concerns as quickly as possible. He should make every effort to submit his materials in support of his preliminary injunction motion by February 21, 2011.

D. Initial Partial Payment

From the trust fund account statement plaintiff has submitted, I calculate his initial partial payment to be $1.43. Also, he must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $1.43 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court. If, by February 21, 2011, plaintiff fails to make the initial partial payment or show cause for his failure to do so, I will consider dismissing his case for his failure to pay the initial partial

payment.

ORDER

IT IS ORDERED that

1. Plaintiff Dwayne Almond's motion to direct defendant Warden William Pollard to return plaintiff's legal work to him, dkt. #7, is DENIED.

2. Plaintiff's motion for a ruling on his motion for return of legal materials, dkt. #14, is DENIED as moot.

3. Plaintiff will have until February 21, 2011 to submit a brief supporting his motion for preliminary injunctive relief, proposed findings of fact and any evidence he has to support his request for relief. Defendants will have until March 7, 2011 to file their materials in response.

4. Plaintiff's motions for appointment of counsel, dkt. ##6, 7, 14, are DENIED without prejudice to his renewing his motion at a later date.

5. Plaintiff's motion for an expedited trial, dkt. #13, is DENIED.

6. Plaintiff is assessed $1.43 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $1.43 on or before February 21, 2011. If, by February 21, 2011, plaintiff fails to make the initial partial payment or show cause for his failure to do so, I will consider dismissing his case

for his failure to pay the initial partial payment.

Entered this 1st day of February, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge